UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WILLIAMS,<br><br>   Plaintiff,<br><br> v.<br><br>A. LUJAN,<br><br>   Defendant. | Case No. 16-cv-04290-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California prisoner incarcerated at San Quentin State Prison ("SQSP") proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

1  which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although
2  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
3  obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and
4  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
5  Factual allegations must be enough to raise a right to relief above the speculative level." Bell
6  Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint
7  must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
the alleged violation was committed by a person acting under the color of state law. See West v.
Atkins, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

   Plaintiff contends that on October 9, 2015, SQSP sergeant A. Lujan confiscated several items of plaintiff's personal property. Plaintiff further contends that when the prison refused to permit him to send the property home at his personal expense, as allowed by prison policy, they violated his right to due process of law and equal protection.

   Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). This is because "[t]he state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct." *Hudson*, 468 U.S. at 533.

   If the deprivation is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due

1  process. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982) (failure on part of
2  state commission to hold hearing within statutory time limits not permitted to terminate timely
3  filed claim). *Parratt* does not apply where the state has procedures designed to control the actions
4  of state officials and the officials act pursuant to those procedures. *See Zimmerman v. City of
5  Oakland*, 255 F.3d 734, 738 (9th Cir. 2001); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir.
6  1994), aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc, 75
7  F.3d 1311 (9th Cir. 1996) (en banc). In those instances, the Fourteenth Amendment requires "an
8  opportunity . . . granted at a meaningful time and in a meaningful manner, . . . for a hearing
9  appropriate to the nature of the case." *Logan*, 455 U.S. at 437.

10  Giving the pro se complaint the liberal construction to which it is entitled, the allegations
11  are sufficient to state a Section 1983 claim for denial of due process as against A Lujan.

12  Plaintiff also asserts an equal protection violation. "The Equal Protection Clause requires
13  the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th
14  Cir. 2008) (citation omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the
15  Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants
16  acted with an intent or purpose to discriminate against the plaintiff based upon membership in a
17  protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

18  Plaintiff fails to state an equal protection claim. First, he has not alleged facts showing that
19  he is a member of a protected class. Second, even if he had alleged such facts, he has not alleged
20  facts showing that he was discriminated against because of his membership in that class. Third, he
21  has alleged no facts showing a discriminatory intent.

22  Accordingly, plaintiff's equal protection claim is dismissed. Leave to amend is granted so
23  that plaintiff may attempt to allege a plausible equal protection claim, if he truthfully can do so.

## CONCLUSION

25  Plaintiff's complaint states a cognizable due process claim. Leave to amend will be
26  granted so that plaintiff may attempt to cure the pleading deficiencies discussed in relation to his
27  equal protection claim. The amended complaint must be filed within **twenty-eight (28) days** from
28  the date this order is filed and must include the caption and civil case number used in this order (C

3

16-4290 HSG (PR)) and the words AMENDED COMPLAINT on the first page.  The Clerk of the Court is directed to send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings.  *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Therefore, he must repeat his due process allegations in the amended complaint if he files an amended complaint.  Failure to amend within the designated time will result in the dismissal the equal protection claim, and the case will proceed on the due process claim alone.  If plaintiff does not wish to file an amended complaint, he shall so inform the Court within **twenty-eight (28) days** from the date of this order.

It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:   11/7/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge