UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY WILLIAMS,

    Plaintiff,

v.

A. LUJAN,

    Defendant.

Case No. 16-cv-04290-HSG (PR)

**ORDER OF PARTIAL SERVICE AND PARTIAL DISMISSAL**

## INTRODUCTION

Plaintiff, a prisoner at San Quentin State Prison ("SQSP"), filed a pro se complaint under 42 U.S.C. § 1983 alleging due process and equal protection claims arising from defendant Lujan's October 2015 confiscation of several items of Plaintiff's personal property. In an order entered November 7, 2016, the Court found that Plaintiff had stated a cognizable due process claim but identified various deficiencies in Plaintiff's equal protection claim and dismissed it with leave to amend. Plaintiff then filed an amended complaint, which is now before the Court for review.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
3    statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon
4    which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although
5    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
6    obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and
7    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
8    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell
9    Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint
10   must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

11   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
12   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
13   the alleged violation was committed by a person acting under the color of state law. *See West v.
14   Atkins*, 487 U.S. 42, 48 (1988).

15   **B.    Legal Claims**
16   As noted above, Plaintiff's due process claim has been found cognizable. However, the
17   amended complaint, like the original complaint fails to allege an equal protection violation. In
18   particular, Plaintiff has alleged no facts showing Defendant acted with an intent or purpose to
19   discriminate against Plaintiff based upon his membership in a protected class. *Barren v.
20   Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Accordingly, the equal protection claim will be
21   dismissed. Leave to amend will not be granted because the Court already has explained to
22   Plaintiff the specific deficiencies in his equal protection claim, and he has been unable to correct
23   them.

**CONCLUSION**

25   For the reasons stated above, the Court orders as follows:
26       1.    Plaintiff's amended complaint states a cognizable due process claim, as against
27   SQSP sergeant A. Lujan.
28       2.    Plaintiff's equal protection claim is dismissed with prejudice.

2

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint, all attachments thereto, a copy of the Court's November 7, 2016 order, and a copy of this order on **A. Lujan** at **San Quentin State Prison**.

The Clerk shall also mail a courtesy copy of this order to the California Attorney General's Office.

4. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this Order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this Order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this Order as he prepares his opposition to any motion to dismiss.

    c. Defendant **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must

3

United States District Court
Northern District of California

1    do in order to oppose a motion for summary judgment.  Generally, summary judgment must be
2    granted when there is no genuine issue of material fact – that is, if there is no real dispute about
3    any fact that would affect the result of your case, the party who asked for summary judgment is
4    entitled to judgment as a matter of law, which will end your case.  When a party you are suing
5    makes a motion for summary judgment that is properly supported by declarations (or other sworn
6    testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
7    specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
8    as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
9    documents and show that there is a genuine issue of material fact for trial.  If you do not submit
10   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
11   If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*
12   *Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

        Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendant in the motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        (The *Rand* and *Wyatt* notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 939).

        6.    All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

        7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

4

before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 1/12/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge