UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>A. LUJAN,<br><br>    Defendant. | Case No. 16-cv-04290-HSG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; DENYING AS MOOT REQUEST FOR EXTENSION OF TIME TO FILE MOTION FOR RECONSIDERATION; GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>Re: Dkt. Nos. 44, 47, 50 |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that SQSP Officer Lujan violated his federal due process rights when, on October 9, 2015, she confiscated his personal property. Dkt. No. 17 at 2; Dkt. No. 19; and Dkt. No. 20 at 2. On March 27, 2018, the Court granted Defendant Lujan's motion for summary judgment and entered judgment in favor of Defendant Lujan. Dkt. Nos. 42 and 43. Now pending before the Court are Plaintiff's motion for reconsideration, Dkt. No. 44, and his requests for an extension of time to file both the motion for reconsideration and the notice of appeal, Dkt. Nos. 47 and 50. For the reasons set forth below, the Court DENIES the motion for reconsideration; DENIES as moot the motion for an extension of time to file the motion for reconsideration; and GRANTS the motion for an extension of time to file a notice of appeal.

I. **Motion for Reconsideration**

On May 4, 2018, Plaintiff filed a motion pursuant to Rule 60(b)(1) and (b)(6) of the Federal Rules of Civil Procedure seeking reconsideration of the Court's grant of summary judgment. Dkt. No. 44. Defendant Lujan filed an opposition to the motion for reconsideration. Dkt. No. 49.

**A. Standard**

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based on Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *Sch. Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b)(6) is a "catchall provision" that "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 593 F.3d 790, 797 (9th Cir. 2010) (internal quotation marks and citation omitted). Rule 60(b)(6) applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002). Thus, to reopen a case under Rule 60(b)(6), a party must "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.* at 1168. Mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Twentieth Century-Fox Film Corp.*, 637 F.2d at 1341. Reconsideration is not appropriate when a movant relies on arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) (district court properly denied Rule 60(b) motion

because movant "merely reiterated the arguments that he had already presented to the district court"). Nor are motions for reconsideration the place to raise new arguments that could have been raised previously. *See Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse."); *Health Facilities Cal. Mut. Ins. Co. v. British Am. Ins. Grp.*, No. CV 10–3736 PSG (JCGx), 2011 WL 1296488, at *4 (C.D. Cal. Apr. 5, 2011) (party "cannot use a motion for reconsideration simply to advance a new argument in the place of a failed one").

"'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478 at 790). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999) (district court did not abuse discretion in denying reconsideration where it was debatable whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file).

**B.     Analysis**

Plaintiff alleges that the Court erred in granting summary judgment in favor of Defendant Lujan for the following reasons: material facts remain disputed; the record was incomplete at summary judgment; the confiscation was actually a forfeiture; Defendant Lujan fraudulently misrepresented the confiscated items as general or dangerous contraband; and the Court was both mistaken in its interpretation of section 52051.16 of the California Department of Corrections and Rehabilitations ("CDCR")'s Department Operations Manual ("DOM") and mistaken in finding that there is no clearly established right to send home items that violate prison regulations. The Court addresses each argument in turn.

**Disputed Material Facts.**  Plaintiff argues that there is a genuine dispute as to the following material facts: (1) whether Plaintiff had a statutory and constitutional right to be

3

1 informed of the documents required to prove ownership of confiscated items in order to be
2 allowed to mail these items home; (2) whether, upon confiscating Plaintiff's property, Defendant
3 Lujan was statutorily required to initiate disciplinary proceedings against Plaintiff so that Plaintiff
4 would timely receive the constitutionally mandated hearing to determine who owned the
5 confiscated property and to determine how to appropriately dispose of the property; (3) when
6 lawful confiscation of unauthorized prisoner property becomes lawful forfeiture; (4) whether
7 prison officials are permitted to convert a prisoner's property into a forfeiture where there has
8 been no guilty finding for a rules violation or where there has been no prior statutory or regulatory
9 notice; (5) whether prison officials are permitted to convert confiscation into forfeiture without
10 prior notice where there has been no regulation promulgated that allows a prisoner to mail home
11 unauthorized property; and (6) whether a prisoner is required to forfeit unauthorized property
12 where the required disciplinary hearing was not initiated and the guilt of the prisoner was not
13 determined.[1] Dkt. No. 44 at 7.

As an initial matter, Plaintiff's arguments are being raised for the first time in the motion for reconsideration. These arguments were not raised in either the amended complaint or in the opposition to the summary judgment motion. The sole cognizable claim in the amended complaint was Plaintiff's due process claim that Defendant Lujan failed to follow state policies when she confiscated Plaintiff's Jordan basketball shoes and Invicta Reserve watch with extra metal band, and when she denied Plaintiff's request to send these items home. Dkt. No. 19 at 4–6. In his opposition to the summary judgment motion, Plaintiff argued that he has a property interest in his shoes and watch, Dkt. No. 36 at 15–17, and that he has a due process right to send home his confiscated items, Dkt. No. 36 at 17–21. Plaintiff did not argue in either the amended complaint or in the opposition that he has a statutory right to be informed of documents proving ownership; a due process right to a disciplinary hearing; or that he was unconstitutionally subject to forfeiture.

---

[1] Plaintiff makes multiple references to statutory and constitutional rights, but does not specify the statute or constitutional provision from which these alleged rights arise. The Court is unaware of the alleged statutory or constitutional rights that Plaintiff describes, such as a statutory or constitutional right to be informed of what documents may be used to prove ownership of items; a statutory or constitutional right to determine ownership of contraband; or a statutory or constitutional right to send home contraband.

4

1   The Court therefore declines to address these arguments because Plaintiff has not provided a
2   compelling excuse for failing to raise these arguments prior to the grant of summary judgment.
3   *See Rosenfeld*, 57 F.3d at 811. To the extent that Petitioner is arguing that his failure to raise these
4   arguments earlier was due to his lack of understanding of the law, *see* Dkt. No. 44 at 2, this does
5   not state a ground for relief under Rule 60(b)(1). *Engleson v. Burling N. R. Co.*, 972 F.2d 1038,
6   1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of [a party] provides grounds
7   for relief under Rule 60(b)(1)).").

Second, Plaintiff's arguments do not concern questions of material fact. Rather, they are legal arguments regarding rights he claims have been created by California statutes and regulations.

Finally, as with the arguments raised in the amended complaint and opposition, Plaintiff's arguments fundamentally misunderstand the applicable prison regulations. Plaintiff's ownership of the confiscated items is irrelevant. As explained in the Court's March 27, 2018 Order Granting Defendant's Motion for Summary Judgment, prison regulations forbid prisoners from having in their possession items that are not obtained from a departmentally approved vendor.[2] Dkt. No. 42 at 5–6 (citing to DOM § 54030.7.1, which provides that, except in certain instances inapplicable here, prison regulations only allow inmates to receive or obtain personal property from departmentally approved vendors). These restrictions on what items may be possessed by prisoners in their cells apply regardless of whether the prisoner owns the items, whether the prisoner has paid for the items, and whether a third party, i.e., a girlfriend or relative, purchased the items for the prisoner. Prison regulations define contraband as any personal item in a prisoner's possession that is *inter alia* not authorized by prison regulations. Dkt. No. 42 at 6 (citing to 15 Cal. Code Regs. § 3006 and to DOM § 52051.4). Accordingly, personal items in an inmate's possession which are not obtained from a departmentally approved vendor are contraband and may be confiscated. *Id.* (citing to 15 Cal. Code Regs. § 3191). The disposal

---

[2] Plaintiff claims that the confiscated items were purchased either from Ebay or Amazon. Dkt. No. 44 at 15; Dkt. No. 44-1 at 1. There is nothing in the record that indicates that either Ebay or Amazon are departmentally approved vendors.

5

options for general contraband do not include the option to send the general contraband to the inmate's home. *Id.* (citing to DOM § 52051.16). Only unauthorized items obtained by authorized means, i.e., items not on the Authorized Property Schedule but purchased from a departmentally approved vendor, may be sent home. *Id.* (citing to DOM § 52051.16).

**Record on Summary Judgment.** Plaintiff argues that the Court's Order Granting Summary Judgment was based upon an incomplete record. Dkt. No. 44 at 1. Specifically, Plaintiff claims that he did not understand Rules 34(c) and 56 of the Federal Rules of Civil Procedure, in part because he relied on a fellow inmate for legal advice and consequently failed to file an appropriate declaration in support of his opposition; failed to understand and grasp the entirety of his due process claim; and failed to discover the original purchase receipt for the confiscated items. Dkt. No. 44 at 2. In making this argument, Plaintiff appears to be seeking relief under either Rule 60(b)(1) or Rule (b)(6) of the Federal Rules of Civil Procedure. Plaintiff's claim of ignorance of the law and the related failure to develop the record do not entitle him to relief under Rule 60(b)(1).[3] *See Engleson*, 972 F.2d at 1044. Nor does this claim entitle him to relief under Rule 60(b)(6). As discussed *supra*, Rule 60(b)(6) is to be used "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Washington*, 593 F.3d at 797. Plaintiff has failed to establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Cmty. Dental Servs.*, 282 F.3d at 1168. Plaintiff's ignorance of the law is not an extraordinary circumstance, nor is it a circumstance that could not have been overcome. Plaintiff's motion, in essence, again argues that the Court was wrong in its decision to grant summary judgment against Plaintiff. This is not an adequate ground for relief. *See Twentieth Century-Fox Film Corp.*, 637 F.2d at 1341 (motions for reconsideration should not be used as substitute for appeal).

**Confiscation Operated as Forfeiture.** Throughout the motion for reconsideration,

---

[3] Moreover, as Defendant Lujan points out, Plaintiff ably opposed the summary judgment motion. He successfully sought an extension of time to file his opposition, Dkt. Nos. 34 and 35; submitted a researched and reasoned opposition, Dkt. No. 36; and submitted declarations and exhibits in support of his opposition, *id*.

6

Plaintiff repeatedly argues that the confiscation operated as a forfeiture, and that forfeiture is not authorized by prison regulations, citing to 21 U.S.C. § 853(a) and *Kaley v. United States*, 571 U.S. 320, 134 S. Ct. 1090, 1094 (2014). Dkt. No. 44 at 3, 6–8, and 14. This argument was not raised previously, and Plaintiff has not provided a compelling excuse for his failure to raise it earlier. The Court exercises its discretion and declines to address this argument. *See Rosenfeld*, 57 F.3d at 811. However, the Court notes that Plaintiff draws a meaningless distinction between confiscation and forfeiture, in the context of the applicable prison regulations. It appears that Plaintiff believes that confiscation means that the prison only has temporary control over his items, and will eventually either return the items or allow Plaintiff to direct the disposal of the items. The prison regulations that allow for the confiscation of his items as contraband — defined as unauthorized items obtained by unauthorized means — do not envision that the prison's control over these items is temporary. Rather, these prison regulations authorize the prison to determine how such items should be disposed of, and do not require an inmate's prior authorization of the disposal method. Dkt. No. 42 at 6 (citing to 15 Cal. Code Regs. §§ 3006, 3191; and DOM §§ 52051.4, 52051.16).

**Defendant Lujan's Fraudulent Misrepresentation.** Plaintiff argues that Defendant Lujan fraudulently misrepresented the confiscated items as dangerous contraband. Dkt. No. 44 at 4. Plaintiff raised this argument in his opposition, Dkt. No. 36 at 8, 11–12, 19–20, and 24, and the Court addressed and rejected this argument when granting summary judgment, Dkt. No. 42 at 5–6, 11. Reconsideration is not appropriate when a movant relies on arguments previously raised. *See Maraziti*, 52 F.3d at 255. The Court therefore finds this argument without merit.

In addition, while a "fraud on the court" is a basis for reconsideration pursuant to Rule 60(b)(6), fraud on the court should be read narrowly, and the party seeking reconsideration on this basis must show that the fraud involved "an unconscionable plan or scheme designed to improperly influence the court in its decision." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006) (citations and internal quotations omitted) (finding that attorney's forging of party's signature on settlement document did not constitute fraud on court or warrant reconsideration). Plaintiff has provided no evidence indicating an unconscionable plan or scheme designed to improperly influence the court, and the Court has already found that Defendant

Lujan's assertion that the confiscated items were dangerous contraband was not fraudulent, Dkt. No. 42 at 11. Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(6) with respect to his assertion that Defendant Lujan made a fraudulent misrepresentation to the Court.

**DOM § 52051 and Clearly Established Right to Send Items Home**. Plaintiff argues that the Court was mistaken in finding that DOM § 52051 prohibits Plaintiff from sending home the confiscated items, and that the Court was mistaken in finding that there was no clearly established right to send home items that violated prison regulations because DOM § 54030.12.2 provides that he may send home contraband items. Dkt. No. 44 at 4. As Plaintiff acknowledges, the Court has already addressed — and rejected — Plaintiff's arguments that prison regulations establish his right to send home these confiscated items. Because these arguments were previously presented, reconsideration is not appropriate. *See Maraziti*, 52 F.3d at 255. The Court also addressed these arguments again, *supra*, in the discussion regarding whether there remains a genuine dispute as to material facts.

To the extent that Plaintiff's citation to DOM § 54030.12.2 is an attempt to argue that prison regulations allow him to send home the confiscated items, the Court declines to consider this argument because this is a new argument and Plaintiff has not provided a compelling excuse for failing to raise this argument previously. *See Rosenfeld*, 57 F.3d at 811. However, the Court notes that section 54030.12.2 does not govern the confiscated items at issue in this action. The "unauthorized property" referred to in section 54030.12.2 is defined as items of personal property that were once permissible but are no longer permissible as a result of the standardization of allowable inmate property. DOM § 54030.1. The disposal of the confiscated items at issue here is governed by DOM § 52051.16, which does not allow for the prisoner to send home confiscated items. DOM § 52051.16.

In sum, Plaintiff's arguments fail to establish grounds for reconsideration pursuant to Rule 60(b). These arguments either were previously raised and addressed by this Court; are new arguments for which Plaintiff has not provided a compelling excuse for not raising earlier; or are based on a fundamental misunderstanding of the relevant regulations.

//

## II. Motion for Extensions of Time

Plaintiff has filed a motion requesting an extension of time up to and including April 30, 2018, to file his motion for reconsideration and to file his notice of appeal ("NOA"). Dkt. No. 47. Defendant Lujan opposes this request, arguing that the motion for reconsideration is timely filed and that Plaintiff has shown neither excusable neglect nor good cause for the late filing. Dkt. No. 48.

Defendant Lujan is correct that the motion for reconsideration is timely filed. A motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure must be filed "within a reasonable time," and for subsections (1)–(3), the reconsideration motion must be filed within a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Plaintiff's motion for reconsideration was timely filed on May 4, 2018, less than a year after the judgment entered on March 27, 2018. Dkt. Nos. 42, 43, and 44. The Court therefore DENIES as moot Plaintiff's request for an extension of time to file his motion for reconsideration.

The Court now turns to Plaintiff's request for an extension of time to file his notice of appeal. The parties have extensively briefed this issue. In his brief motion for an extension of time to file the NOA, Plaintiff does not address excusable neglect or good cause, but rather argues that the deadline for filing his NOA was April 30, 2018, and that his NOA, filed April 30, 2018, is therefore timely filed. Dkt. No. 47. In his opposition, Defendant Lujan correctly points out that the deadline for filing the NOA was April 26, 2018, and that Plaintiff's NOA was therefore untimely. Defendant Lujan opposed the motion for an extension of time on the grounds that Plaintiff had failed to demonstrate either excusable neglect or good cause, and made no showing with respect to the *Pioneer* factors. Dkt. No. 48. On May 31, 2018, Plaintiff served on Defendant Lujan a responsive pleading, which he titled "Amended Motion for an Extension of Time to File a Notice of Appeal," in which he argues that because he inadvertently missed the filing deadline in reliance on a prisoner paralegal who miscalculated the filing deadline, his untimely filing was both excusable neglect and the result of good cause. Dkt. No. 50.[4]

---

[4] The Court construes this as a motion for leave to amend the motion for an extension of time, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which requires a court to give

9

On June 11, 2018, Defendant Lujan filed a response to the amended motion, arguing that the amended motion constitutes an abandonment of the initial motion; the amended motion is untimely filed; and the amended motion fails to demonstrate either excusable neglect or good cause. Dkt. No. 51. On July 20, 2018, Plaintiff filed a pleading titled "Reply to Defendant's Response to Plaintiff's Amended Motion for Extension of Time to File Notice of Appeal." Dkt. No. 52. In this pleading, Plaintiff argues that his amended motion "perfected" his initial motion; that it is "axiomatic that an amended document erases earlier versions of the same document," and that the amended motion was timely filed because the deadline for filing a request for an extension of time was July 28, 2018.

### A. Standard

An appeal of right may be taken only by filing a valid NOA in the district court. Fed. R. App. P. 3(a)(1). Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). In computing the thirty days, the Federal Rules of Appellate Procedure exclude the day of the event that triggers the period; count every day within that period, including Saturdays, Sundays, and legal holidays; and include the last day of the period, unless that last day is a Saturday, Sunday, or legal holiday, in which case, the period runs until the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. App. P. 26(a)(1).

Rule 4(a) is both mandatory and jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 209 (2007). Relief from the deadline for filing a timely notice of appeal may be obtained by a motion

---

leave to amend freely when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff's amended motion withdrew the factually incorrect argument advanced in his initial motion —that he was entitled to an extension of time because he had timely filed his NOA — and explained how this incorrect assumption led to the untimely filing. In the interests of justice, the Court will GRANT Plaintiff leave to amend his April 30, 2018 motion for an extension of time to file his NOA. Because the amended motion and original motion assert the same claim (timely filing) and because amendment did not prejudice Defendant's ability to mount a defense on the merits, this amended motion relates back to the date of the original motion for an extension of time. Fed. R. Civ. P. 15(c); *cf. United States v. Hristov*, 396 F.3d 1044, 1048 (2005) (amendment outside of statutory filing period to timely motion for attorney's fees to include required information that was not provided in original motion related back to original timely filed motion).

10

in the district court under Rule 4(a)(5) (motion for an extension of time).[5] Rule 4(a)(5) allows for an extension of time to file the NOA if (1) the party requests the extension of time within thirty days of the expiration of the time to file the notice, and (2) the party shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A). The United States Supreme Court, in the context of a dispute about a bankruptcy rule, has said that "neglect" encompasses faultless omissions and omissions caused by carelessness, and that the determination whether neglect was "excusable" is an equitable one, taking account of all relevant circumstances surrounding a party's omission. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388, 392, 395 (1993) (addressing phrase "excusable neglect" in Rule 6(b) of the Federal Rules of Civil Procedure). In evaluating whether neglect is excusable under Rule 4(a)(5), a district court must consider the four factors established by the United States Supreme Court in *Pioneer*: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer*, 507 U.S. at 395). The weighing of *Pioneer*'s equitable factors is left to the discretion of the district court "in every case." *Id.* at 860.

**B.  Discussion**

The Court granted summary judgment in favor of Defendant Lujan on March 27, 2018, and entered the judgment the same day. Dkt. Nos. 42 and 43. Accordingly, Plaintiff's time for filing his NOA expired on April 26, 2018. Fed. R. App. P. 4(a)(1)(A) and 26(a)(1). Plaintiff filed his NOA on either April 27 or April 30, 2018.[6] Dkt. No. 45. Plaintiff's NOA is untimely unless

---

[5] Relief from the deadline for filing a timely notice of appeal may also be obtained by filing a motion in the district court under Rule 4(a)(6). Fed. R. App. P. 4(a)(6) (motion to reopen time to file appeal). However, Rule 4(a)(6) is inapplicable here. Rule 4(a)(6) provides that the district court may reopen the time to file an appeal if *inter alia* the Court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry. Fed. R. App. P. 4(a)(6). Plaintiff does not allege that he did not receive timely notice of entry of the order denying summary judgment and the judgment.

[6] Pursuant to the prisoner mailbox rule, because Petitioner is a prisoner proceeding *pro se*, Petitioner's NOA is deemed filed as of the date he submitted it to prison authorities for mailing to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (holding that federal or state habeas petition deemed filed on date submitted to prison authorities for forwarding to court,

the Court grants an extension of time to file the NOA.

### 1. Timeliness of Motion for Extension of Time

The Court first addresses the initial question of whether the motion for an extension of time to file the NOA is timely.

Because the deadline for filing the NOA was April 26, 2018, the deadline for filing the motion for an extension of time was May 29, 2018. Rule 4(a)(5)(A) requires that a party file the motion for an extension of time "no later than 30 days after the time prescribed by this Rule 4(a) expires . . ." Fed. R. App. P. 4(a)(5)(A). The phrase "the time prescribed by this Rule 4(a)" refers to the time period for filing an NOA, as set forth in Rule 4(a)(1)(A), which is thirty days after the entry of judgment. In this case, the time period for filing a NOA expired on April 26, 2018. Thirty days from April 26, 2018 is Saturday, May 26, 2018. Because May 27, 2018 was a weekend, and May 28, 2018 was the Memorial Day legal holiday, the deadline to file a motion for an extension of time was May 29, 2018. Fed. R. App. P. 26(a)(1).

Applying the prison mailbox rule, Petitioner's motion for an extension of time (Dkt. No. 48) was filed on either May 1 or May 3, 2018,[7] and therefore timely. Dkt. No. 48. The Court is unpersuaded by Defendant Lujan's argument that Plaintiff abandoned this motion when he filed an amended motion on May 31, 2018, and that the Court should consider the amended motion, filed on May 31, 2018, to be the only pending motion for extension of time. Dkt. No. 51 at 2. In his amended motion, Plaintiff did not "abandon" his argument that he was entitled to an extension of time; rather, he withdrew his incorrect argument that he was entitled to an extension of time because he had timely filed his NOA and explained how this incorrect assumption had led to the untimely filing. The initial motion reasonably omitted discussion of excusable neglect and good cause because it incorrectly presumed that the NOA was timely filed.

---

rather than on date received by court). The proof of service ("POS") lists two different dates of submission. Plaintiff executed the POS on April 30, 2018, but the POS states that Plaintiff submitted the NOA on April 27, 2018. Dkt. No. 45 at 2. Accordingly, the record is unclear as to when the NOA was filed.

[7] This POS also lists two different dates of submission. Plaintiff executed the POS on May 1, 2018, but the POS states that Plaintiff submitted the motion on May 3, 2018. Dkt. No. 47 at 3. The record is therefore unclear as to when the motion for an extension of time was filed.

### 2. **Excusable Neglect or Good Cause**

The Court now turns to the question of whether Plaintiff has demonstrated excusable neglect or good cause for the untimely filing of the NOA.

Plaintiff states that he inadvertently missed the filing deadline because he relied on a prisoner paralegal who miscalculated the filing deadline. Dkt. No. 50. The prisoner paralegal states that the miscalculation was unintentional. He states that he believes the miscalculation was due to receiving Plaintiff's case file close to the filing deadline, the disarray of Plaintiff's case file, the prisoner paralegal's other pending court deadlines, and possible transposing of the relevant dates. Dkt. No. 50-1. The Court finds that checking the deadline was within Plaintiff's control and that Plaintiff was careless in delegating that responsibility. However, the question for this court is not whether the late filing was due to the prisoner's negligence, but whether the negligent omission was excusable "within the context of this particular case." *Pincay*, 389 F.3d at 859.

With regard to the first *Pioneer* factor, the "danger of prejudice to the nonmoving party," Defendant Lujan argues that this factor weighs in her favor because judgment in her favor was the result of a fully litigated case, citing to *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). Defendant Lujan misstates the holding in *Bateman*. *Bateman* does not hold that this *Pioneer* factor weighs in a non-moving party's favor if the judgment is reached as the result of a fully litigated case. In *Bateman*, Bateman failed to respond to a summary judgment motion filed by the defendant because his attorney was out of the country and unaware that a summary judgment motion had been filed. The court granted the defendant's unopposed summary judgment motion, and Bateman sought relief from the final judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure on the grounds that his counsel's negligence constituted excusable neglect. The court denied the Rule 60(b)(1) motion. On appeal, the Ninth Circuit remanded the case to the lower court with instructions to grant the Rule 60(b)(1) motion, expressing concern that the lower court had not applied the *Pioneer* factors in determining whether Bateman had shown excusable neglect and finding that the balance of equities weighed in favor of Bateman. In finding that the balance of equities weighed in favor of Bateman, the Ninth Circuit noted that any prejudice to the defendant was minimal because granting the Rule 60(b)(1) motion

13

only deprived the defendant of a quick victory. However, the Ninth Circuit did not hold the converse, that there is prejudice to the non-moving party where the judgment was not the result of a quick victory, but rather the result of a fully litigated case. *Bateman* does not compel finding that this *Pioneer* factor weighs in Defendant Lujan's favor. More importantly, nothing in the record indicates that Defendant Lujan will be prejudiced by the grant of an extension of time to file the NOA. Defendant Lujan has not incurred greater litigation costs or any other cost because of the delay by Plaintiff. The continuation of the litigation on appeal does not constitute prejudice for purposes of the *Pioneer* analysis. This factor weighs in favor of Plaintiff.

The second *Pioneer* factor, the length of delay and its potential impact on judicial proceedings, weigh in favor of Plaintiff. The delay was brief — one to three days — and there has been no impact on the Court's resources. Defendant Lujan has provided no evidence to support her conclusory assertion that the Court's resources have been "unnecessarily strained."

With regard to the third *Pioneer* factor, the reason for the delay and whether it was within the reasonable control of Plaintiff, as stated above, the Court finds that Plaintiff's conduct was neglectful and within his control. However, the Court finds this situation to be similar to, if not more excusable than, the conduct of the attorneys in *Pincay*. In *Pincay*, the Ninth Circuit held the district court did not abuse its discretion in granting an extension of time based on a finding of excusable neglect where an attorney carelessly failed to read the applicable rules, and delegated the task of ascertaining the NOA filing deadline to a paralegal who then calendared the date incorrectly. Similarly, here, Plaintiff failed to review the applicable rule himself and delegated the calendaring to another prisoner. Defendant Lujan argues that *Pincay* is distinguishable because the would-be appellant in *Pincay* showed good faith and diligence, and the failure to timely file in *Pincay* was due to the failure of a carefully designed calendaring system. Dkt. No. 51 at 7. However, as discussed *infra*, Plaintiff's reliance on the prisoner paralegal was a good faith effort to meet the filing deadline because it was based on Plaintiff's reasonable belief that the prisoner paralegal, although busy, was better qualified and more likely to properly file the NOA. In addition, *Pincay* did not turn on whether the failure to timely file was due to the calendaring system. Rather, the *Pincay* court emphasized that the determination of excusable neglect is

14

heavily case-dependent. *Pincay*, 389 F.3d at 859. The Court finds that this third factor does not weigh in favor of either party.

Finally, with regard to the fourth *Pioneer* factor, the Court finds no evidence of bad faith on the part of Plaintiff. The Court finds unpersuasive Defendant Lujan's arguments that Plaintiff did not act in good faith because (1) Plaintiff failed to mention in his initial motion that he had relied to his detriment on another inmate to calculate the deadline and file the NOA; and (2) Plaintiff was on notice that the fellow inmate was busy and should have been aware of the NOA filing deadline. Defendant Lujan implies that Plaintiff's failure to mention in his initial motion that he had relied on a prisoner paralegal to calculate the deadline indicates that Plaintiff is lying about his reliance on the prisoner paralegal. However, in the initial motion, Plaintiff clearly stated that he believed an extension of time was not needed, but was sought in an abundance of caution. Plaintiff's failure to discuss his reliance on the prisoner paralegal in his motion was because he mistakenly believed that he had timely filed the NOA, and there is no indication, as Defendant Lujan implies, that Plaintiff filed the motion in bad faith. In addition, Plaintiff did not act in bad faith in choosing to rely on the prisoner paralegal. Plaintiff believed that he was unqualified to file the NOA and that the fellow inmate, despite being busy, was better qualified and more likely to properly file the NOA and calculate the deadline. Because there is no evidence of bad faith, this factor weighs in favor of Plaintiff.

After weighing and balancing the *Pioneer* factors and applying them to the particular circumstances of this case, the Court finds "excusable neglect" pursuant to Rule 4(a)(5)(A)(ii). In the exercise of its equitable authority, the Court grants Plaintiff's request for an extension of time in which to file a NOA regarding this Court's judgment entered on March 27, 2018. *See*, *e.g.*, *Pincay*, 389 F.3d at 860 ("There should . . . be no rigid legal rule against late filings attributable to any particular type of negligence. Instead, we leave the weighing of *Pioneer*'s equitable factors to the discretion of the district court in every case.").

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration, Dkt. No. 44, and GRANTS Plaintiff's requests for an extension of time to file his appeal, Dkt. Nos. 47

and 50.  Plaintiff's notice of appeal (Dkt. No. 45) is deemed timely filed.

This order terminates Dkt. Nos. 44, 47, and 50.  This case remains closed.

**IT IS SO ORDERED.**

Dated:  8/14/2018

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge